**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| BALTHASER ONLINE, INC., <br><br> Plaintiff, <br><br> -against- <br><br> KIMBERLY-CLARK CORPORATION, SWANN'S FURNITURE GALLERY, L.P., LANE FURNITURE INDUSTRIES, INC, LA-Z-BOY INCORPORATED, GALLERY MODEL HOMES INC. d/b/a GALLERY FURNITURE, and LOWE'S COMPANIES, INC., <br><br> Defendants. | Civil Action No. <br> ECF Case <br><br><br> **COMPLAINT** <br> **(JURY TRIAL DEMANDED)** |

Plaintiff Balthaser Online, Inc. ("Balthaser"), by its attorneys Dickstein Shapiro LLP, as and for its Complaint against Defendants Kimberly-Clark Corporation, Swann's Furniture Gallery, L.P., Lane Furniture Industries, Inc., La-Z-Boy Incorporated, Gallery Model Homes Inc. d/b/a Gallery Furniture, Lowe's Companies, Inc. (collectively, the "Defendants") alleges as follows:

## THE PARTIES

1.   Plaintiff Balthaser is a Delaware corporation with its principal place of business located at 7120 Morning Canyon Road, Placerville, California 95667.

1

2.  Upon information and belief, Defendant Kimberly-Clark Corporation is a Delaware Corporation with its principal place of business at 351 Phelps Drive, Irving, Texas 75038.

3.  Upon information and belief, Defendant Swann's Furniture Gallery, L.P., is a Texas Corporation with its principal place of business at 2401 South Southeast Loop 323, Tyler, Texas 75701.

4.  Upon information and belief, Defendant Lane Furniture Industries, Inc., is a Mississippi Corporation with its principal place of business at 101 South Hanley Road, St. Louis, Missouri 63105.

5.  Upon information and belief, Defendant La-Z-Boy Incorporated is a Michigan Corporation having a showroom at 1708 North Central Expressway, Plano, Texas 75074.

6.  Upon information and belief, Defendant Gallery Model Homes Inc. d/b/a Gallery Furniture is a Texas Corporation with its principal place of business at 6006 North Freeway, Houston, Texas 77076.

7.  Upon information and belief, Defendant Lowe's Companies, Inc. is a North Carolina Corporation having a principal place of business at 1000 Lowe's Boulevard, Mooresville, North Carolina 28117, and multiple retail stores doing business in the Eastern District of Texas.

**JURISDICTION AND VENUE**

8.   This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9.   This Court has personal jurisdiction over the Defendants because, upon information and belief, all of the Defendants transact business within this judicial district and because Defendants have committed acts of infringement of Balthaser's patent in this State and within this District.

10.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c), and pursuant to § 1400(b).

**INFRINGEMENT OF U.S. PATENT NO. 7,000,180**

11.  Balthaser realleges and incorporates by reference paragraphs 1-10 of this Complaint as if fully set forth herein.

12.  Balthaser is engaged in the business of creating interactive online productions for its clients. Balthaser uses technology to allow its customers to design rich media website applications. Balthaser was founded in 1999 and has been in business continuously since.

13.  Balthaser is the sole and exclusive owner by assignment of United States Patent No. 7,000,180 B2 to Neil Balthaser entitled "METHODS, SYSTEMS, AND PROCESSES FOR THE DESIGN AND CREATION OF RICH-MEDIA APPLICATIONS VIA THE INTERNET" (the "`180 patent"). The `180 patent was duly and legally issued by the United States Patent and

Trademark Office on Feb. 14, 2006.  A true and correct copy of the `180 patent is attached hereto as Exhibit A.

14.     Upon information and belief, Defendant Kimberly-Clark Corporation has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Kimberly-Clark Corporation is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

15.     Upon information and belief, Defendant Swann's Furniture Gallery, L.P. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Swann's Furniture Gallery, L.P. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

16.     Upon information and belief, Defendant Lane Furniture Industries, Inc., has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Lane Furniture Industries, Inc., is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

17. Upon information and belief, Defendant La-Z-Boy Incorporated has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant La-Z-Boy Incorporated is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

18. Upon information and belief, Defendant Gallery Model Homes Inc. d/b/a Gallery Furniture has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Gallery Model Homes Inc. d/b/a Gallery Furniture is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

19. Upon information and belief, Defendant Lowe's Companies, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the `180 Patent in the State of Texas, in this District, and elsewhere in the United States by, among other thing, operating websites covered by one or more claims of the `180 Patent to the injury of Balthaser.  Defendant Lowe's Companies, Inc. is thus liable for infringement of the `180 Patent pursuant to 35 U.S.C. § 271.

20. In violation of 35 U.S.C. § 271(a), Defendants have made, used, offered to sell, and/or sold in the United States and/or imported into the United States methods, systems, and

processes that infringe one or more claims of the `180 patent either literally or under the doctrine of equivalents.

21. Defendants also have actively induced the infringement of or contributed to the infringement of, one or more claims of the `180 patent in violation of 35 U.S.C. §§ 271(b) and (c).

22. Upon information and belief, the infringement of the `180 patent by Defendants has occurred with knowledge of the `180 patent, has been reckless and thus has been willful.

23. Balthaser has suffered and will continue to suffer serious irreparable injury unless Defendants' infringement of the `180 patent is enjoined.

24. Balthaser does not have an adequate remedy at law.

25. As a result of Defendants' wrongful conduct, Balthaser has also been damaged in an amount to be determined at trial but in no case less than a reasonable royalty.

## REQUESTED RELIEF

WHEREFORE, Balthaser respectfully requests that this Court grant Balthaser the following relief:

A. A judgment that Defendants (individually and collectively) have infringed one or more claims of the `180 patent in violation of 35 U.S.C. §§ 271(a), (b), and (c);

B.       A judgment that Defendants' infringement of the `180 patent has been willful;

C.       An order pursuant to 35 U.S.C. § 283, permanently enjoining Defendants, and all persons in active concert or participation with Defendants, from any further acts of infringement, inducement of infringement, or contributory infringement of the `180 patent;

D.       An award of damages, pursuant to 35 U.S.C. § 284, adequate to compensate Balthaser for Defendants' infringement of the `180 patent, in an amount to be determined at trial, but in no event less than a reasonable royalty;

E.       An order for an accounting of all sales and revenues derived in connection with activities and conduct found to infringe the `180 patent, including sales and revenues through the date of trial and thereafter;

F.       An order, pursuant to 35 U.S.C. § 284, and based on Defendants' willful infringement of the `180 patent, enhancing all damages awarded to Balthaser by trebling such damages;

G.       An order, pursuant to 35 U.S.C. § 284, awarding to Balthaser interest on damages and its costs incurred in this action;

H.       An order, pursuant to 35 U.S.C. § 285, awarding to Balthaser its reasonable attorneys' fees incurred in this action; and

I. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all claims asserted herein.

Dated: June 9, 2009

                                                                                                                     /s/  
                                                       Ryan H. Flax  
                                                       DC Bar ID: 2001-474948  
                                                       flaxr@dicksteinshapiro.com  
                                                       Alfred R. Fabricant  
                                                       fabricanta@dicksteinshapiro.com  
                                                       Lawrence C. Drucker  
                                                       druckerl@dicksteinshapiro.com  
                                                       Cindy Yang  
                                                       yangc@dicksteinshapiro.com  
                                                       Bryan DeMatteo  
                                                       dematteob@dicksteinshapiro.com  
                                                       DICKSTEIN SHAPIRO LLP  
                                                       1177 Avenue of the Americas  
                                                       New York, New York 10036  
                                                       Telephone: (212) 277-6500  
                                                       Facsimile: (212) 277-6501

                                                       *Attorneys for Plaintiff Balthaser Online, Inc.*