|  |  |  |
|---|---|---|
| BALTHASER ONLINE, INC.,<br><br>  *Plaintiff*,<br><br>v.<br><br>KIMBERLY-CLARK CORPORATION, SWANN'S FURNITURE GALLERY, L.P., LANE FURNITURE INDUSTRIES, INC., LAY-Z-BOY INCORPORATED, GALLERY MODEL HOMES INC. d/b/a GALLERY FURNITURE, AND LOWE'S HOME CENTERS, INC.<br><br>  *Defendants*. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:09-188-TJW |

## MEMORANDUM OPINION AND ORDER

### I. Introduction

Before the Court is Defendant Gallery Model Homes, Inc.'s d/b/a Gallery Furniture ("Gallery") motion to transfer venue to the Southern District of Texas (Dkt. No. 68), Defendant Lowe Home Centers, Inc.'s ("Lowe's) motion for leave to join in the motion to transfer venue (Dkt. No. 73), and Defendant Lane Furniture Industries, Inc.'s ("Lane") motion to join the motion to transfer venue (Dkt. No. 77). In its motion, Gallery represents to the Court that all of the remaining defendants are not opposed to its motion to transfer to Southern District of Texas. (Dkt. No. 68 at 12.) The Court, having considered the venue motion and the arguments of counsel, GRANTS the motion to transfer venue for all defendants to the United States District

Court for the Southern District of Texas pursuant to 28 U.S.C. § 1404(a). The balance of the private and public factors demonstrates that the transferee venue of the Southern District of Texas is "clearly more convenient" than the venue chosen by Balthaser Online, Inc. ("Balthaser"). *See In re Volkswagen of Am., Inc.* ("*Volkswagen III*"), 566 F.3d 1349 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304 (5th Cir. 2008) (en banc).

## II.    Factual and Procedural Background

Plaintiff Balthaser is a Delaware corporation with its principal place of business located at 7120 Morning Canyon Road, Placerville, California 95667. (Dkt. No. 1, at 1.) Defendant Gallery Furniture is a Texas Corporation having a principal place of business at 6006 North Freeway, Houston, Texas 77076. (Dkt. No. 68-3 at 2.) Defendant Kimberly-Clark Corporation is a Delaware Corporation with having a principal place of business at 351 Phelps Drive, Irving, Texas 75038. (Dkt. No. 68-4 at 1.) Defendant Lane Furniture Industries, Inc. is a Mississippi Corporation having a principal place of business in St. Louis, Missouri. (Dkt. No. 77-1 at 2.) Defendant La-Z-Boy Incorporated is a Michigan Corporation having a principal place of business in Monroe, Michigan. (Dkt. No. 68-5 at 2.) Defendant Lowe's Companies, Inc. is a North Carolina Corporation having a principal place of business in Wilkesboro, North Carolina. (Dkt. No. 68-6 at 2.) Defendant Swann's Furniture Gallery, L.P. is a Texas Corporation having a principal place of business at 2401 South Southeast Loop 323, Tyler, Texas 75701. (Dkt. No. 1, at 2.) Balthaser brought this suit for patent infringement against the defendants and it asserts U.S. Patent No. 7,000,180 (the '180 Patent). Defendants have brought this motion to transfer to the

Southern District of Texas. On February 2, 2010, Defendant Swann Furniture was dismissed from the case.

## III.    Analysis

### A.    Applicable Law Regarding Improper Venue and Motions to Transfer

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Fifth and Federal Circuits have enunciated the standard to be used in deciding motions to transfer venue. *See Volkswagen III*, 566 F.3d 1349; *In re Genentech.*, 566 F.3d 1338; *In re TS Tech USA Corp.*, 551 F.3d 1315 (applying the Fifth Circuit's en banc *Volkswagen II* decision to rulings on transfer motions out of this Circuit); *Volkswagen II*, 545 F.3d 304. The moving party must show "good cause," and this burden is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Volkswagen II*, 545 F.3d at 314.

The initial threshold question for the venue transfer analysis is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district. In making the convenience determination, the Fifth Circuit considers several private and public interest factors, none of which are given dispositive weight. *Id.* "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Volkswagen II*, 545 F.3d at

315 (quoting *Volkswagen I*, 371 F.3d at 203). "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized [disputes] decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.'" *Id.* (quoting *Volkswagen I*, 371 F.3d at 203).

## B. Proper Venue

For a motion to transfer venue, the threshold "determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed" in the first place. *Volkswagon I*, 371 F.3d at 203. The Court concludes that venue would be proper in the Southern District of Texas. As indicated by the declarations filed by the parties, all of the Defendants make or sell products within the Southern District of Texas since the suit was filed on June 9, 2009. Further, Plaintiff does not contest whether venue would be proper in this district if the lawsuit had originally been filed there. Therefore, the threshold determination of whether venue would be proper in either transferee venue is met.

## C. Analysis of Private Interest Factors with Western District of Virginia Forum

### 1. *Relative Ease of Access to Sources of Proof*

The relative ease of access to sources of proof is the first factor to consider. "That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Volkswagen II*, 545 F.3d at 316. Gallery's documents are kept in Houston at its corporate offices. None of the defendants maintain any material documents in the Eastern District of Texas and neither does the plaintiff. Plaintiff's only response is that *all* defendants, except Gallery, are closer to this District than to the

Southern District of Texas. The Federal Circuit, however, has "questioned this type of reasoning." *In re Nintendo*, 589 F.3d 1194, 1199 (Fed. Cir. 2009). Because there are no sources of proof in the Eastern District of Texas, and there is at least some sources of proof in the Southern District of Texas, the Court finds that this factor weighs in favor of transfer to the Southern District of Texas.

### 2.    *Availability of Compulsory Process*

The next private interest factor is the availability of compulsory process to secure the attendance of non-party witnesses. Rule 45(c)(3)(A)(ii) limits the Court's subpoena power by protecting non-party witnesses who work or reside more than 100 miles from the courthouse. *Volkswagen II*, 545 F.3d at 316. In the present case, Gallery has identified three non-party witnesses with information relevant to the case. (Dkt. No. 68-3 at 2.) These witnesses appear to reside within 100 miles of the federal courthouse in Houston. Gallery further contends that there are not any witnesses within the absolute subpoena power of the Eastern District of Texas. Balthaser disagrees and identifies Swan Furniture managers, Elam F. Swann, Jr. and Thomas R. Swann, both of whom are residents of Tyler, Texas as potential non-party witnesses subject to this Court's subpoena power. Given that both parties have identified potential non-party witnesses in both districts, the Court finds that this factor is neutral.

### 3.    *Cost of Attendance for Willing Witnesses*

Next, the Court must weigh the cost for witnesses to travel and attend trial in the Eastern District of Texas versus the Southern District of Texas. The Fifth Circuit has explained:

> [T]he factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. Additional distance means additional travel time; additional travel time increases the probability for meal and lodging

expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.

*Volkswagen I*, 371 F.3d at 205.   The Court must consider the convenience of both the party and non-party witnesses.   *See id.* at 204 (requiring courts to "contemplate consideration of the parties and witnesses"); *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d. 761, 765-66 (E.D. Tex. 2009).

For Gallery's witnesses, the Southern District of Texas is indisputably more convenient. Balthaser argues that Marshall, Texas is more convenient and affordable for the vast majority of party witnesses in this case, as well as for a significant number of non-party witnesses in this District.   The Court disagrees and finds that for the remaining witnesses, the Southern District of Texas is at least as convenient, if not more convenient.   Thus, the Court finds that this factor weighs in favor of transfer to the Southern District of Texas.

### 4.      *Other Practical Problems*

Practical problems include issues of judicial economy.   *Volkswagen III*, 566 F.3d 1349, 1351 (Fed. Cir. 2009).   Judicial economy weighs against transfer when the Court already has familiarity with the case's factual issues.   *Id.*   In view of the discovery that has already taken place in this District, this factor weighs slightly against transfer to the Southern District of Texas.

### D.      **Analysis of Public Interest Factors with Western District of Virginia Forum**

### 1.      *Court Congestion*

The Court may consider how quickly a case will come to trial and be resolved.   *In re Genentech*, 566 F.3d at 1347.   This factor is the "most speculative," however, and in situations where "several relevant factors weigh in favor of transfer and others are neutral, the speed of the transferee district court should not alone outweigh all of the other factors."   *Id.*   Given the speculative nature of this factor, the Court finds this factor is neutral.

### 2.     *Local Interest*

The Court must consider local interest in the litigation, because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (5th Cir. 2004).   Interests that "could apply virtually to any judicial district or division in the United States," such as the nationwide sale of infringing products, are disregarded in favor of particularized local interests.   *Volkswagen II*, 545 F.3d at 318; *In re TS Tech*, 551 F.3d at 1321.

Balthaser contends that this factor is neutral because the Southern District of Texas has no more of an interest in this case than the Eastern District of Texas.   Gallery responds that it is a prominent local company in the Houston area, with headquarters and a primary place of operations within the Southern District of Texas.   Thus, Gallery argues that the residents of the Southern District of Texas would have a particularized interest in deciding a patent infringement dispute regarding Gallery.   The Court agrees with Gallery and finds that this factor slightly weighs in favor of transfer to the Southern District of Texas.

### 3.     *Familiarity with the Governing Law*

One of the public interest factors is "the familiarity of the forum with the law that will govern the case."   *Volkswagen I*, 371 F.3d at 203.   Both the Southern District of Texas and the Eastern District of Texas are equally capable of applying patent law to infringement claims; therefore, this factor is neutral.   *See In re TS Tech*, 551 F.3d at 1320.

### 4.     *Avoidance of Conflict of Laws*

No conflict of laws issues are expected in this case, so this factor does not apply.

### E.     **The Court Grants Defendants' Motion to Transfer**

Considering all of the private and public interest factors, the defendants have met their burden of showing that Southern District of Texas is "clearly more convenient" than the Eastern District of Texas.   *See Volkswagen II*, 545 F.3d at 315.   Three factors weigh in favor of transfer and only one weighs slightly against transfer.   Therefore, Defendants' motion to transfer venue is GRANTED.

## IV.    Conclusion

For the foregoing reasons, the Court GRANTS Defendants' Motion to Transfer Venue to the Southern District of Texas.

It is so ORDERED.

SIGNED this 30th day of March, 2011.

_____

T. JOHN WARD
UNITED STATES DISTRICT JUDGE