IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BALTHASER ONLINE, INC., <br><br> *Plaintiff*, <br> v. <br><br> KIMBERLY-CLARK CORPORATION, SWANN'S FURNITURE GALLERY, L.P., LANE FURNITURE INDUSTRIES, INC., LAY-Z-BOY INCORPORATED, GALLERY MODEL HOMES INC. d/b/a GALLERY FURNITURE, AND LOWE'S HOME CENTERS, INC. <br><br> *Defendants*. | § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:09-188-TJW |

## MEMORANDUM OPINION AND ORDER

**I.  Introduction**

Before the Court is Defendant Kimberly-Clark Corporation's ("Kimberly-Clark") motion for reconsideration and motion to transfer venue to the Eastern District of Wisconsin (Dkt. No. 157). The Court, having considered the venue motion and the arguments of counsel, GRANTS the motion to transfer venue to the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1404(a). The balance of the private and public factors demonstrates that the transferee venue of the Eastern District of Wisconsin is "clearly more convenient" than the venue chosen by Balthaser Online, Inc. ("Balthaser"). *See In re Volkswagen of Am., Inc.* ("*Volkswagen III*"), 566 F.3d 1349 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d

1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304 (5th Cir. 2008) (en banc).

## II.     Factual and Procedural Background

Plaintiff Balthaser is a Delaware corporation with its principal place of business located at 7120 Morning Canyon Road, Placerville, California 95667. (Dkt. No. 1 at 1.) Defendant Kimberly-Clark Corporation is a Delaware Corporation with a principal place of business relevant to this suit in Neenah, Wisconsin. (Dkt. No. 157-2 at 2.) Balthaser brought this suit for patent infringement against Kimberly-Clark and other defendants asserting U.S. Patent No. 7,000,180 (the '180 Patent). The other defendants included: (1) Lane Furniture Industries, Inc., which is a Mississippi Corporation having a principal place of business in St. Louis, Missouri; (2) La-Z-Boy Incorporated, which is a Michigan Corporation having a principal place of business in Monroe, Michigan; (3) Lowe's Companies, Inc., which is a North Carolina Corporation having a principal place of business in Wilkesboro, North Carolina; (4) Swann's Furniture Gallery, L.P., which is a Texas Corporation having a principal place of business at 2401 South Southeast Loop 323, Tyler, Texas 75701; and (5) Gallery Furniture, which is a Texas Corporation having a principal place of business at 6006 North Freeway, Houston, Texas 77076.

To date, all of the other defendants except Kimberly-Clark have been dismissed from the case. The procedural history is as follows. On February 2, 2010, Defendant Swann Furniture, the only defendant located in the Eastern District of Texas, was dismissed from the case. On May 10, 2010, the remaining defendants filed a motion to transfer to the Southern District of Texas. (Dkt. Nos. 68, 73, 77.) The Court granted the motion to transfer to the Southern District of Texas on March 30, 2011. (Dkt. No. 153.) Lane Furniture Industries, La-Z-Boy Incorporated, Lowe's

2

Companies, Inc., and Gallery Furniture were subsequently dismissed from the case. (Dkt. No. 156.) In conjunction with the dismissal of these parties, the Court vacated its order transferring the case to the Southern District of Texas on April 1, 2011. (Dkt. No. 155.) Kimberly-Clark then filed the pending motion on April 7, 2011.

## III. Analysis

### A. Applicable Law Regarding Improper Venue and Motions to Transfer

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Fifth and Federal Circuits have enunciated the standard to be used in deciding motions to transfer venue. *See Volkswagen III*, 566 F.3d 1349; *In re Genentech.*, 566 F.3d 1338; *In re TS Tech USA Corp.*, 551 F.3d 1315 (applying the Fifth Circuit's en banc *Volkswagen II* decision to rulings on transfer motions out of this Circuit); *Volkswagen II*, 545 F.3d 304. The moving party must show "good cause," and this burden is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Volkswagen II*, 545 F.3d at 314.

The initial threshold question for the venue transfer analysis is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district. In making the convenience determination, the Fifth Circuit considers several private and public interest factors, none of which are given dispositive weight. *Id.* "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the

attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I*, 371 F.3d at 203). "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized [disputes] decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.'" *Id.* (quoting *Volkswagen I*, 371 F.3d at 203).

**B.     Proper Venue**

For a motion to transfer venue, the threshold "determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed" in the first place. *Volkswagon I*, 371 F.3d at 203. The Court concludes that venue would be proper in the Eastern District of Wisconsin. As indicated by Ms. Margolis's declaration, Kimberly-Clark conducts business and has a regular and established place of business in Neenah, Wisconsin. Further, Plaintiff does not contest whether venue would be proper in this district if the lawsuit had originally been filed there. Therefore, the threshold determination of whether venue would be proper in either transferee venue is met.

**C.     Analysis of Private Interest Factors**

   1.     *Relative Ease of Access to Sources of Proof*

The relative ease of access to sources of proof is the first factor to consider. "That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Volkswagen II*, 545 F.3d at 316. Kimberly-Clark represents to the Court that all relevant documents are located in or near Neenah,

4

Wisconsin. Kimberly-Clark also contends that it does not maintain any material documents in the Eastern District of Texas and neither does the plaintiff. Because there are no sources of proof in the Eastern District of Texas, and there are sources of proof in the Eastern District of Wisconsin, the Court finds that this factor weighs in favor of transfer to the Eastern District of Wisconsin.

### 2. *Availability of Compulsory Process*

The next private interest factor is the availability of compulsory process to secure the attendance of non-party witnesses. Rule 45(c)(3)(A)(ii) limits the Court's subpoena power by protecting non-party witnesses who work or reside more than 100 miles from the courthouse. *Volkswagen II*, 545 F.3d at 316. In the present case, Kimberly-Clark agrees that there are no relevant non-party witnesses in the Eastern District of Wisconsin. It also contends that the same is true of the Eastern District of Texas. Balthaser disagrees and identifies Swan Furniture managers, Elam F. Swann, Jr. and Thomas R. Swann, both of whom are residents of Tyler, Texas as potential non-party witnesses subject to this Court's subpoena power. The Court agrees with Balthaser. Thus, the Court finds that this factor weighs slightly against transfer to the Eastern District of Wisconsin.

### 3. *Cost of Attendance for Willing Witnesses*

Next, the Court must weigh the cost for witnesses to travel and attend trial in the Eastern District of Texas versus the Eastern District of Wisconsin. The Fifth Circuit has explained:

> [T]he factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.

5

*Volkswagen I*, 371 F.3d at 205. The Court must consider the convenience of both the party and non-party witnesses. *See id.* at 204 (requiring courts to "contemplate consideration of the parties and witnesses"); *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d. 761, 765-66 (E.D. Tex. 2009).

For the witnesses identified by Kimberly-Clark, the Eastern District of Wisconsin is indisputably more convenient. Balthaser argues that unlike the Southern District of Texas, the Eastern District of Wisconsin is not convenient for potential non-party witnesses. Balthaser does not offer any arguments for its party witnesses. Having considered the parties' arguments, the Court finds that this factor weighs in favor of transfer to the Eastern District of Wisconsin.

### 4. *Other Practical Problems*

Practical problems include issues of judicial economy. *Volkswagen III*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). Judicial economy weighs against transfer when the Court already has familiarity with the case's factual issues. *Id.* In view of the discovery that has already taken place in this District, this factor weighs against transfer to the Eastern District of Wisconsin. The Court notes, however, that it has not yet construed any claims; that the motion to transfer to the Southern District of Texas was filed in May 2010; and that no additional discovery has taken place since the Court granted the original motion to transfer. Thus, the weight of this factor is tipped ever so slightly from neutral.

### D. **Analysis of Public Interest Factors**

### 1. *Court Congestion*

The Court may consider how quickly a case will come to trial and be resolved. *In re Genentech*, 566 F.3d at 1347. This factor is the "most speculative," however, and in situations where "several relevant factors weigh in favor of transfer and others are neutral, the speed of the

6

transferee district court should not alone outweigh all of the other factors." *Id.* Given the speculative nature of this factor, the Court finds this factor is neutral.

2. *Local Interest*

The Court must consider local interest in the litigation, because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (5th Cir. 2004). Interests that "could apply virtually to any judicial district or division in the United States," such as the nationwide sale of infringing products, are disregarded in favor of particularized local interests. *Volkswagen II*, 545 F.3d at 318; *In re TS Tech*, 551 F.3d at 1321.

Balthaser contends that this factor is neutral because third party witnesses from this District possess relevant information. Kimberly-Clark responds that it has a regular and established place of business in the Eastern District of Wisconsin. In addition, it asserts that approximately 3,500 employees of Kimberly-Clark and its wholly-owned subsidiaries work in Wisconsin. Finally, it contends that Kimberly-Clark's relevant documents and witnesses are located in Wisconsin, and the business units related to this suit are based there. Therefore, Kimberly-Clark argues that the Eastern District of Wisconsin has a more particularized local interest in deciding Plaintiff's suit against Kimberly-Clark than does this District. The Court agrees with Kimberly-Clark and finds that this factor weighs in favor of transfer to the Eastern District of Wisconsin.

3. *Familiarity with the Governing Law*

One of the public interest factors is "the familiarity of the forum with the law that will govern the case." *Volkswagen I*, 371 F.3d at 203. Both the Eastern District of Wisconsin and the

7

Eastern District of Texas are equally capable of applying patent law to infringement claims; therefore, this factor is neutral. *See In re TS Tech*, 551 F.3d at 1320.

   4. *Avoidance of Conflict of Laws*

No conflict of laws issues are expected in this case, so this factor does not apply.

**E.     The Court Grants Defendant's Motion to Transfer**

Considering all of the private and public interest factors, the defendants have met their burden of showing that the Eastern District of Wisconsin is "clearly more convenient" than the Eastern District of Texas. *See Volkswagen II*, 545 F.3d at 315. Three factors weigh in favor of transfer and only two weigh slightly against transfer. Therefore, Defendants' motion to transfer venue is GRANTED.

**IV.     Conclusion**

For the foregoing reasons, the Court GRANTS Defendants' Motion to Transfer Venue to the Eastern District of Wisconsin, Green Bay Division.

It is so ORDERED.

 SIGNED this 20th day of April, 2011.

                                                                                                           _____
                                                            T. JOHN WARD
                                                            UNITED STATES DISTRICT JUDGE